## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FUNDAMENTAL LONG TERM CARE
HOLDINGS, LLC and FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC,

       Appellants,

v.                                              Case No: 8:13-cv-603-T-30

TRANS HEALTH MANAGEMENT,
INC.,

       Appellee.

_____

## ORDER OF REMAND

THIS CAUSE comes before the Court upon the appeal of Fundamental Long Term Care Holdings, LLC and Fundamental Administrative Services, LLC's (Appellants) from the Bankruptcy Court's Order denying their Motion to Disqualify Shumaker, Loop & Kendrick, LLP, as counsel for Trans Health Management, Inc. (THMI), entered on January 30, 2013. After reviewing the briefs and the supplemental filings, and hearing oral argument on August 28, 2013, the Court concludes this matter should be remanded for further proceedings.

Appellants contend the trustee has a direct conflict with making decisions for Trans Health Management, Inc. ("THMI") even though the debtor owns 100% of the stock in THMI. Because of this asserted conflict, Appellants contend trustee's counsel, Shumaker, Loop & Kendrick, LLP, also has a conflict. Appellants request this Court to

disqualify Shumaker, Loop & Kendrick, LLP, which would require the trustee to obtain new counsel for THMI.

This asserted conflict is occasioned because of the unusual posture of this case. This is an involuntary bankruptcy brought by a creditor of THMI's parent corporation. By putting THMI's parent corporation in bankruptcy rather than THMI, the creditors are allowed to continue to pursue litigation against THMI.

Since THMI is not the debtor, it does not receive any of the benefits of bankruptcy, such as an automatic stay of civil litigation against it.  Therefore, civil litigation has been proceeding against THMI outside the control of the Bankruptcy Court. The trustee has been making decisions (such as allowing "claims") for THMI as if THMI were in bankruptcy.

It is apparent that a decision needs to be made whether in fact THMI and the Debtor should be treated as the same entity under theories of alter ego, substantive consolidation, or other legal or equitable theory.  If so, THMI should be brought into the bankruptcy as a debtor which would afford it the benefits of bankruptcy as well as the burdens.  If THMI is not to be treated as the same entity as the debtor, then the litigation against THMI may be moot in this bankruptcy estate and the issues involved in this appeal may become moot.

It is therefore ORDERED AND ADJUDGED that:

1.     This case is REMANDED to the Bankruptcy Court to determine at the earliest practicable time whether THMI is to be treated as the same entity as the debtor and, if so, whether THMI should be brought into the bankruptcy case as a debtor.

2.     The Clerk is directed to terminate all pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of September, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
U. S. Bankruptcy Judge Michael Williamson (case #8:11-bk-22258-MGW)
Counsel/Parties of Record

F:\Docs\2013\13-cv-603 remand.docx